720 A.2d 658

RE/MAX OF NEW JERSEY, INC., A CORPORATION OF THE STATE OF NEW JERSEY; RE/MAX RESULTS REAL ESTATE, INC.; LADEN CORP. T/A RE/MAX REALTY EXPERTS, RE/MAX FUTURE REAL ESTATE PROFESSIONALS, INC., O'HERRERA, INC., T/A VILLA REALTORS, PLAINTIFFS-APPELLANTS, v. WAUSAU INSURANCE COMPANIES; AETNA LIFE & CASUALTY AND NEW JERSEY RE-INSURANCE COMPANY AND PENNSYLVANIA NATIONAL INSURANCE COMPANY, DEFENDANTS-RESPONDENTS.

THE TRAVELERS INSURANCE CO., PLAINTIFF-RESPONDENT, v. COMPREHENSIVE REALTY CO., T/A RE/MAX TRI COUNTY, DEFENDANT-APPELLANT.[1]

Superior Court of New Jersey
Appellate Division

Argued November 30, 1998—Decided December 8, 1998.

---

[1] These cases were consolidated in the Chancery Division.

Before Judges HAVEY, SKILLMAN and PAUl G. LEVY.

*Mark G. Schwartz*, argued the cause for appellants (*Westmoreland, Vesper & Schwartz*, attorneys; *Mr. Schwartz* and *Katherine M. Morris*, on the brief).

*Robert J. Kelly*, argued the cause for respondent New Jersey Re–Insurance Company (*McElroy, Deutsch & Mulvaney*, attorneys; *Mr. Kelly* and *John T. Coyne*, on the brief).

*Jonathan M. Kuller*, argued the cause for respondents Aetna Life & Casualty, The Travelers Insurance Company and Employers Insurance of Wausau (*L'Abbate, Balkan, Colvita & Contini*, attorneys; *Mr. Kuller*, on the brief).

*James E. Patterson*, argued the cause for amicus curiae New Jersey Association of Realtors (*Greenbaum, Rose, Smith, Ravin, Davis & Himmel*, attorneys; *Mr. Patterson*, on the brief).

Respondent, Pennsylvania National Insurance Company did not file a brief.

The opinion of the court was delivered by

PAUL G. LEVY, J.A.D.

Judge Gibson held that plaintiffs were liable for payment of premiums for workers' compensation insurance coverage benefitting its real estate sales agents. *Re/Max of New Jersey, Inc. v. Wausau Ins. Cos.,* 304 *N.J.Super.* 59, 697 *A.*2d 977 (Ch.Div.1997). He applied the "relative nature of the work" test, as explained in *Kertesz v. Korsh,* 296 *N.J.Super.* 146, 154, 686 *A.*2d 368 (App.Div. 1996), and held that the Re/Max agents are economically dependent on the Re/Max broker, lacking "the ability to act independently." In the course of his opinion, Judge Gibson clearly demonstrated the economic and functional dependence of the sales agents on Re/Max, "mak[ing] any further claim of independence difficult to sustain." *Re/Max, supra,* 304 *N.J.Super.* at 68–69, 697 *A.*2d 977. We affirm for the reasons stated therein.

In doing so, we reject plaintiffs' contention that the sales agents are independent contractors pursuant to the dictates of *MacDougall v. Weichert,* 144 *N.J.* 380, 677 *A.*2d 162 (1996). *MacDougall* was not concerned with workers' compensation issues; instead it dealt with a real estate agent's claim for wrongful discharge under *Pierce v. Ortho Pharm. Corp.,* 84 *N.J.* 58, 417 *A.*2d 505 (1980). In *MacDougall,* Justice Handler analyzed the differences between an employee and an independent contractor in terms of control. There was no reliance on the "relative nature of the work test" under either *Kertesz v. Korsh, supra,* 296 *N.J.Super.* at 154, 686 *A.*2d 368, or *Marcus v. Eastern Agric. Ass'n, Inc.,* 58 *N.J.Super.* 584, 603, 157 *A.*2d 3 (App.Div.1959)(Conford, J.A.D., dissenting); *rev'd on dissent* 32 *N.J.* 460, 161 *A.*2d 247 (1960). We deem these two cases more appropriate than *MacDougall* in resolving the issue presented here.

Affirmed.