744 A.2d 154

RE/MAX OF NEW JERSEY, INC., A CORPORATION OF THE STATE OF NEW JERSEY; FOCUS REAL ESTATE, INC. T/A RE/MAX RESULTS REAL ESTATE; LADEN CORP. T/A RE/MAX REALTY EXPERTS, RE/MAX FUTURE REAL ESTATE PROFESSIONALS, INC., O. HERRARA, INC. T/A VILLA REALTORS, PLAINTIFFS-APPELLANTS, v. WAUSAU INSURANCE COMPANIES; AETNA LIFE & CASUALTY AND NEW JERSEY RE-INSURANCE COMPANY, DEFENDANTS-RESPONDENTS, AND PENNSYLVANIA NATIONAL INSURANCE COMPANY, DEFENDANT.

THE TRAVELERS INSURANCE COMPANY, PLAINTIFF-RESPONDENT, v. COMPREHENSIVE REALTY COMPANY T/A RE/MAX TRI COUNTY, DEFENDANT-APPELLANT.

Argued October 25, 1999—Decided January 27, 2000.

*Mark G. Schwartz,* argued the cause for appellants (*Westmoreland, Vesper & Schwartz,* attorneys; *Mr. Schwartz* and *Katherine M. Morris,* on the brief).

*Robert J. Kelly,* argued the cause for respondent New Jersey Re–Insurance Company (*McElroy, Deutsch & Mulvaney,* attorneys; *Mr. Kelly, William T. McElroy* and *John T. Coyne,* on the brief).

*Jonathan M. Kuller,* argued the cause for respondents Wausau Insurance Companies, Aetna Life & Casualty and The Travelers Insurance Company (*L'Abbate, Balkan, Colavita & Contini,* attorneys).

*Barry S. Goodman,* argued the cause for *amicus curiae,* New Jersey Association of Realtors (*Greenbaum, Rowe, Smith, Ravin, Davis & Himmel,* attorneys).

The opinion of the Court was delivered by

COLEMAN, J.

The primary issue raised in this appeal is whether licensed real estate salespersons should be considered employees or independent contractors for purposes of computing workers' compensation insurance premiums. The Compensation Rating and Inspection Bureau, whose function it is to establish the classification of risks, base rates, system of merit or schedule rating and premiums to be charged based on those risks, *N.J.S.A.* 34:15–88 and –89, has deemed that real estate salespersons may be employees, and that for premium purposes, should be classified as 8742, "Real Estate Agency—Outside Employees & Collectors." *New Jersey Workers' Compensation and Employers Liability Insurance Manual* (Workers' Compensation Manual), § 3.3–26(c). Relying on the Workers' Compensation Manual, the Workers' Compensation Act, *N.J.S.A.* 34:15–1 to –128(Act), cases construing the Act, and the New Jersey Real Estate Brokers and Salesmen Act, *N.J.S.A.* 45:15–1 to –29.5, various insurance companies that provided workers' compensation insurance coverage to several plaintiff-subfranchisers located in New Jersey determined that plaintiffs' real estate agents working in New Jersey were employees for purposes of collecting premiums under the Act. Plaintiffs challenged those determinations. In a published opinion, Judge Gibson, sitting in the Chancery Division, General Equity, upheld the insurance companies' right to collect the premiums. 304 *N.J.Super.* 59, 69, 697 *A.*2d 977 (1997). The Appellate Division affirmed substantially for the reasons expressed by the trial court. 316 *N.J.Super.* 514, 516, 720 *A.*2d 658 (1998). We granted certification, 160 *N.J.* 89, 733 *A.*2d 494 (1999).

## I.

The relevant facts, which we adopt, were succinctly summarized by the trial court:

Plaintiff, Re/Max of New Jersey, Inc. (hereafter Re/Max) is a subfranchiser of Re/Max International Inc. The various Re/Max offices in New Jersey are franchisees of Re/Max of New Jersey. All are engaged in the business of providing real estate services to the public. Defendants, Employers Insurance of Wausau, Aetna

Life & Casualty, Travelers Insurance Company, New Jersey Re-Insurance Company and Pennsylvania Insurance Company (hereafter carriers) are the insurance companies which service the Re/Max offices. At some point, each of those carriers determined that Re/Max agents should be considered employees for purposes of the workers' compensation act and began to charge premiums accordingly. Plaintiffs objected and contended that the agents were independent contractors. Unable to resolve those differences, this action was instituted.

Each of the Re/Max offices in New Jersey consists of a licensed broker and at least one sales agent. As part of the franchise agreement, all Re/Max brokers are required to have their sales agents sign an "Independent Contractor Agreement" which sets forth their rights and obligations and contains a variety of provisions intended to underscore the agents' independent contractor status. Included among those provisions is the agent's right to set his own hours, engage in his own advertising and to enjoy the benefits of the so-called "100% Concept". Under the 100% Concept, Re/Max agents are entitled to retain the entire commission earned from any sale rather than splitting the commission with the broker, as is common in other real estate agencies. In consideration of the agent's services and the fees paid, the broker agrees to make available, on a non-exclusive basis, office and desk space plus access to listings, forms, telephone and other means of communication.

Although Re/Max agents are not required to share a commission, the agents are obligated to pay to the broker a variety of fees and expenses. Those sums include a security deposit, a one-time initiation fee and a monthly management fee representing a proportionate share of the office expenses. The office expenses include so-called fixed expenses (proportionately shared among the agents), miscellaneous shared expenses and finally personal expenses such as postage and advertising. The actual amount of the monthly expenses may vary from agent to agent and from month to month. At times, individual agents may not generate enough sales to meet their monthly expenses obligations. To accommodate those situations, Re/Max offers an Alternative Payment Program which allows agents to reduce the amount they need to pay toward monthly expenses by taking an advance against future commissions.

Re/Max agents generally work full time, but they are not compelled to spend any minimum amount of "floor time" in the office. They also supply their own vehicle and control their own advertising but all advertising must include the Re/Max logo and name and conform with other guidelines. Franchisees hold regular meetings to inform agents regarding real estate topics, but attendance is voluntary. Agents are also required to maintain their personal appearance and provide dependable, efficient, courteous and professional service and Re/Max retains the right to immediately terminate any agent for cause; either party may terminate without cause upon sixty days written notice.

All Re/Max agents agree to work exclusively for the Re/Max office, to maintain loyalty to Re/Max and to abide by the various statutory requirements of the Real Estate Brokers and Salesman Act. *N.J.S.A.* 45:15–1 through –29.5.

[*Re/Max, supra*, 304 *N.J.Super.* at 62–64, 697 *A.2d* 977.]

The trial court applied both the "control test" and the "relative nature of the work test" in determining whether real estate agents are employees within the meaning of the Act, *N.J.S.A.* 34:15–36. *Id.* at 65–66, 697 *A.*2d 977. In concluding that the sales agents are employees under the control test, the trial court found compelling that the agents are required to "comply with an elaborate set of guidelines and quality controls. . . . [T]he written contract makes it clear that the agents are subject to the supervision and control of Re/Max and/or their local broker. . . . [Furthermore], it is the Re/Max brokers that supply the listings, office, the phones, and other services needed to implement an agent's sales efforts." *Id.* at 66, 697 *A.*2d 977.

Under the "relative nature of the work test," the trial court also found the agents to be employees. *Id.* at 68, 697 *A.*2d 977. The court concluded that the agents were economically-dependent upon Re/Max because "[t]he broker provides the listings, the office, the equipment and the support staff. In addition, the agents work for the Re/Max office exclusively. . . . [T]he agents' dependence has a statutory basis. For example, under *N.J.S.A.* 45:15–3, it is only the broker that can lawfully enforce a client's obligation to pay commission." *Ibid.*

█ We now affirm the determination that the sales agents are employees of Re/Max rather than independent contractors, substantially for the reasons expressed by the Chancery Division. We add the following comments.

In many jurisdictions, the determination whether a real estate sales agent is an employee or an independent contractor is regulated by licensing statutes. *See Edwards v. Caulfield,* 560 *So.*2d 364, 370 (Fla.Dist.Ct.App.1990); *Commonwealth v. Savage,* 31 *Mass.App.Ct.* 714, 583 *N.E.*2d 276, 278 (1991). The statutes of those states typically provide that if compensation is based solely on commission, either the sales agent is conclusively an independent contractor or that an employer-employee relationship should not be inferred. Other jurisdictions have taken the opposite approach. *See, e.g., Hughes v. Industrial Comm'n,* 113 *Ariz.* 517,

558 *P.*2d 11, 13–14 (1976) (interpreting real estate licensing statute as creating employer-employee relationship for purposes of state's Workers' Compensation Act); *Faith Realty & Dev. Co. v. Industrial Comm'n,* 170 *Colo.* 215, 460 *P.*2d 228, 230 (1969) (same). The statutes of those states refer to real estate sales agents as employees of the brokers. New Jersey has had a statute since 1921, *L.* 1921, *c.* 141, § 1, as amended, that is similar to those enacted in Arizona and Colorado.

The New Jersey Real Estate Brokers and Salesmen Act, *N.J.S.A.* 45:15–1 to –29.5 (Brokers Act), defines a real estate agent or salesperson as an employee of the broker. It provides that a real estate agent or salesperson is one "who, for compensation, valuable consideration or commission, or other things of value, ... is *employed by and operates under the supervision of a licensed real estate broker* to sell or offer to sell, buy or offer to buy or negotiate the purchase, sale or exchange of real estate...." *N.J.S.A.* 45:15–3 (emphasis added). Consistent with the legislative mandate that real estate salespersons are employees of the broker, the statute restricts the filing of claims for compensation on brokered transactions to brokers exclusively. *Ibid.* In addition, the Brokers Act prohibits a real estate salesperson from accepting compensation for the performance of his or her work "from any person except his employer, who must be a licensed real estate broker." *N.J.S.A.* 45:15–16.

The Brokers Act is designed to protect the public. *Tobias v. Comco/America, Inc.,* 96 *N.J.* 173, 180, 475 *A.*2d 40 (1984). To further that objective, the Brokers Act charges brokers with the duty to supervise and control sales agents. To best achieve that objective, the statutory scheme that creates and governs the relationship between brokers and real estate agents or salespersons characterizes that relationship as employer-employee.

To ensure that the public is protected under that legislatively-mandated employer-employee relationship, the Legislature has directed that the salesperson's license "shall be kept by the broker

by whom such real estate licensee is employed." *N.J.S.A.* 45:15–14. Whenever a real estate salesperson resigns or is terminated by the broker, the broker, as the employer, is obligated to notify the licensing authority, the New Jersey Real Estate Commission, within five business days. *Ibid.* The supervisory responsibility of the broker required by statute is so significant that, following a termination or resignation, a salesperson cannot work again until he or she "has obtained employment with another licensed broker." *Ibid.* Consequently, under the regulated scheme mandated by the Brokers Act, brokers are in the business of selling real estate, and the real estate agents are an integral, but not an independent, part of that business activity. Viewed in that context, the Re/Max "100% concept" and the slogan that the agents are "in business for yourself but not by yourself" are, at the very least, misleading, if not inconsistent with the Brokers Act.

We hold that the innovative structure created by the Re/Max agreement is simply another sophisticated attempt to thwart the employer-employee relationship established as a matter of public policy under the Brokers Act and the implementation of the Workers' Compensation Act. Accordingly, we affirm the judgment under review holding that the real estate agents are employees of Re/Max and not independent contractors.

*For affirmance*—Chief Justice PORITZ and Justices O'HERN, GARIBALDI, STEIN, COLEMAN, LONG and VERNIERO—7.

*Opposed*—None.