**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3094-19T4

LINDSEY SENGEBUSH,

    Plaintiff-Appellant,

v.

HOUSE VALUES REAL
ESTATE SCHOOL, LLC
d/b/a RE/MAX HOUSE
VALUES, RALPH FUCCI
and MICHAEL A. LUZZI,

    Defendants-Respondents.

_____

Argued December 15, 2020 – Decided February 2, 2021

Before Judges Gilson and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, L-2463-19.

Michael A. Spizzuco argued the cause for appellant (Brach Eichler, LLC, attorneys; Anthony M. Rainone, of counsel and on the briefs; Michael A. Spizzuco, on the briefs).

Aaron C. Schlesinger argued the cause for respondents (Peckar & Abramson, PC, attorneys; Aaron C. Schlesinger, on the brief).

PER CURIAM

Plaintiff Lindsey Sengebush appeals from an April 2, 2020 amended order that dismissed her complaint without prejudice and effectively compelled arbitration. In entering that order, the trial court also dismissed plaintiff's claims under the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to 49, holding that plaintiff was an independent contractor and not an employee.

We hold that plaintiff was required to arbitrate the claims in her complaint. Nevertheless, we vacate the April 2, 2020 order and remand with direction that a new order be entered. The new order shall compel mediation and arbitration and stay the civil action pending the conclusion of those proceedings. Finally, we vacate the ruling that plaintiff was an independent contractor because that issue should be determined by the arbitrator.

I.

The facts relevant to compelling mediation and arbitration are established by the record. Plaintiff was licensed in New Jersey as a real estate salesperson. Defendant House Values Real Estate School, LLC d/b/a Re/Max House Values (Re/Max HV) is a real estate brokerage company located in Mt. Arlington, New

Jersey. Re/Max HV is a franchise of Re/Max New Jersey, with the right to use the "Re/Max" trademarks. Defendants Ralph Fucci and Michael Luzzi own Re/Max HV.

In March 2016, plaintiff entered into an agreement to act as an exclusive real estate sales associate for Re/Max HV (the Agreement). The Agreement stated that Re/Max HV was retaining plaintiff as an "independent contractor" and plaintiff was not an employee of Re/Max HV.

The Agreement's ninth paragraph contains an arbitration provision that requires the parties to mediate and, if not resolved by mediation, to arbitrate all disputes, including disputes concerning the Agreement and plaintiff's relationship with Re/Max HV. Specifically, the Agreement states in relevant part:

> B. <u>Agreement to Mediate and Arbitrate Disputes</u>. Except as provided in Paragraph 9.D. below, [plaintiff] hereby agrees to cooperate with [Re/Max HV] by supporting and fully participating in all efforts to resolve disputes, complaints and other problems (hereafter collectively called "Dispute(s)") that arise: (i) out of this Agreement; (ii) out of [plaintiff's] conduct, activities or services as a real estate licensee; (iii) out of any transaction in which [plaintiff] is involved, or (iv) out of [plaintiff's] relationship with the RE/MAX Network or any RE/MAX affiliate (including, without limitation, [Re/Max HV] or any other RE/MAX office, Regional or any other RE/MAX region, International, any other RE/MAX Sales

Associate or any officers, shareholders, directors, employees, agents or affiliates of any of the foregoing). [Plaintiff] agrees to cooperate in the resolution of such Disputes through mediation and, if not successfully resolved, then through binding arbitration in accordance with the provisions of Subparagraph 9.C. below. [Plaintiff] makes the foregoing commitment with full knowledge that by agreeing to submit Disputes to binding arbitration, [plaintiff] is agreeing not to resort to the courts or the judicial system and waiving [plaintiff's] rights to do so. If any other necessary party to any Dispute refuses to arbitrate and is not bound by agreement to do so or cannot be compelled to do so on other grounds, or if [Re/Max HV] and [plaintiff] working in cooperation cannot persuade other necessary parties to agree on a mediation and arbitration system, then the foregoing commitment by [plaintiff] to mediate and/or arbitrate that particular Dispute shall be of no force or effect.

C. <u>Dispute Resolution Procedure</u>. The Dispute shall be submitted to an alternative mediation and arbitration system mutually acceptable to the parties to the Dispute. If the parties cannot agree on an alternative mediation and arbitration system, then the Dispute shall be submitted to the American Arbitration Association ("AAA") for mediation and, if unsuccessful, for binding arbitration, in accordance with AAA's Commercial Medication [sic] Rules or Commercial Arbitration Rules, as applicable.

Under the exception in paragraph 9.D of the Agreement, the parties agreed that they would not be required to mediate or arbitrate disputes concerning the Re/Max trademarks, copyrights, trade secrets or "other proprietary rights" owned by Re/Max International, Inc. or Re/Max of New Jersey.

4

Plaintiff worked as a real estate sales associate for Re/Max HV from April 2016 until July 30, 2019, when she was terminated. To effectuate her termination, Re/Max HV sent plaintiff a written notice on May 31, 2019, that her relationship with Re/Max HV was being terminated sixty days after she received the notice.

In November 2019, plaintiff sued Re/Max HV, Fucci, and Luzzi (collectively, defendants). She asserted that she had been terminated in retaliation for complaining about sexual harassment and sexual assaults by Fucci. Her complaint asserted seven causes of action: (1) a hostile work environment in violation of LAD; (2) gender discrimination in violation of LAD; (3) aiding and abetting discrimination in violation of LAD; (4) retaliation in violation of LAD; (5) intentional infliction of emotional distress; (6) civil conspiracy; and (7) common law assault and battery.

Defendants moved to dismiss the complaint under Rule 4:6-2(a), alleging that the court "lacked jurisdiction of the subject matter based on an agreement to arbitrate[.]" In the alternative, defendants moved to dismiss the complaint under Rule 4:6-2(e), contending that it failed to state claims upon which relief could be granted.

After hearing oral arguments, the trial court issued a written opinion and order on March 9, 2020, dismissing plaintiff's complaint without prejudice "pursuant to [Rule] 4:6-2[.]"  On April 2, 2020, the court amended and superseded the March 9, 2020 order.  The April 2, 2020 order iterated the paragraph dismissing the complaint without prejudice and added a paragraph stating that if any necessary party to the dispute who is not bound by the Agreement refuses to arbitrate, then plaintiff "may move to reinstate her complaint by formal motion.  Effectively then, the proceedings in this case are stayed pending mediation/arbitration."[1]

In its written opinion, the trial court reasoned that the arbitration provision in the Agreement covered all of plaintiff's claims against defendants.  In that regard, the trial court held that the language "not to resort to the courts or the judicial system" was a broad waiver and waived the right to a jury trial and the right to pursue statutory claims, including LAD claims, in a court.  The trial court also went on to hold that plaintiff was an independent contractor and, therefore, she could not assert claims under LAD.

---

[1] This new provision apparently was added to address the last sentence in paragraph 9.D of the Agreement.  We note that there is no contention that there is a necessary party not bound by the Agreement and, thus, this language does not appear to be relevant to this appeal.

## II.

On appeal, plaintiff makes three arguments: (1) the arbitration provision in the Agreement did not waive her right to a jury trial or to pursue statutory claims in a court; (2) the trial court erred in ruling that she was an independent contractor; and (3) the trial court should not have considered the Agreement without treating the motion as a motion for summary judgment.

We hold that the parties' arbitration agreement was broad enough to waive plaintiff's right to a jury trial or to pursue statutory claims in a court. We, however, vacate the April 2, 2020 order because the trial court should have entered an order staying the action and compelling mediation and arbitration under the Agreement. Consequently, we remand for the entry of a new order. We also agree that the trial court erred in holding that plaintiff was an independent contractor. Under the parties' arbitration agreement, that is an issue to be determined by the arbitrator.

## A.

Defendants' motion should have been treated as a motion to compel arbitration. See N.J.S.A. 2A:23B-7; 9 U.S.C. § 3; see also R. 4:5-4 (stating that arbitration is an affirmative defense). We treat orders compelling or denying

A-3094-19T4

arbitration as final orders for purposes of appeal. R. 2:2-3(3); GMAC v. Pittella, 205 N.J. 572, 582 n.6 (2011).

The validity of an arbitration agreement is a question of law. Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 446 (2014) (citing Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 186 (2013)). Accordingly, we use a de novo standard of review when determining the enforceability of arbitration agreements. Goffe v. Foulke Mgmt. Corp., 238 N.J. 191, 207 (2019) (citing Hirsch, 215 N.J. at 186).

B.

The Agreement does not state what law governs the contract. The relationship between plaintiff and Re/Max HV involved real estate transactions in New Jersey. Accordingly, the New Jersey Arbitration Act (NJAA), N.J.S.A. 2A:23B-1 to -36, governs. Arafa v. Health Express Corp., 243 N.J. 147, 166 (2020). "The NJAA governs 'all agreements to arbitrate made on or after January 1, 2003,' and exempts from its provisions only 'an arbitration between an employer and a duly elected representative of employees under a collective bargaining agreement or collectively negotiated agreement.'" Id. at 167 (quoting N.J.S.A. 2A:23B-3(a)). By contrast, the Federal Arbitration Act (FAA) controls transactions affecting interstate commerce. See 9 U.S.C. § 2. We also note that

if the FAA did apply, the result would be the same: arbitration would be compelled.

Under New Jersey law, arbitration is a creature of contract. N.J.S.A. 2A:23B-6; Hirsch, 215 N.J. at 187. "An agreement to arbitrate, like any other contract, 'must be the product of mutual assent, as determined under customary principles of contract law.'" Atalese, 219 N.J. at 442 (quoting NAACP of Camden Cnty. E. v. Foulke Mgmt. Corp., 421 N.J. Super. 404, 424 (App. Div. 2011)).

"Mutual assent requires that the parties have an understanding of the terms to which they have agreed. 'An effective waiver requires a party to have full knowledge of his [or her] legal rights and intent to surrender those rights.'" Ibid. (quoting Knorr v. Smeal, 178 N.J. 169, 177 (2003)). "No particular form of words is necessary to accomplish a clear and unambiguous waiver of rights." Id. at 444. If the language in the arbitration clause is plain and understandable to a reasonable person, the clause will be enforced. Ibid. Accordingly, both our Supreme Court and we have upheld arbitration clauses phrased in various ways so long as the clauses explained that arbitration is a waiver of the right to bring suit in a judicial forum. See, e.g., Martindale v. Sandvik, Inc., 173 N.J. 76, 92 (2002); Curtis v. Cellco P'ship, 413 N.J. Super. 26, 33 (App. Div. 2010).

The arbitration provision in the Agreement is broadly worded. It requires all disputes arising out of the Agreement, plaintiff's conduct, activities or service as a real estate licensee, and plaintiff's relationship with Re/Max HV or any Re/Max affiliate to first go to mediation and then binding arbitration. The Agreement expressly states that plaintiff "is agreeing not to resort to the courts or the judicial system and [is] waiving [her] rights to do so." We hold that that broad language is a clear and unambiguous waiver of plaintiff's right to a jury trial and her right to pursue statutory claims in a court of law.

Plaintiff contends that because the arbitration provisions in the Agreement did not expressly state that she was waiving her right to a jury trial or her right to pursue statutory claims, the arbitration clause does not constitute an enforceable waiver of her statutory rights under LAD. In support of that position, plaintiff cites to our Supreme Court's decision in Garfinkel v. Morristown Obstetrics and Gynecology Associates, 168 N.J. 124 (2001).

In Garfinkel, the Court sustained the plaintiff's right to file a civil action alleging employment discrimination because the arbitration clause provided that "any controversy or claim arising out of, or relating to, this Agreement or the breach thereof, shall be settled by arbitration[.]" Id. at 128. The Court held that that language was ambiguous as it related to a waiver of statutory rights under

LAD. Id. at 127. The Court also held, however, that there was no bar to an employee waiving the right to a jury trial under LAD in favor of arbitration, so long as the waiver was voluntary, clear, and unambiguous. Id. at 135.

One year later, in Martindale, the Court refined its holding in Garfinkel. In Martindale, the Court held that an arbitration agreement was broad enough to cover the waiver of LAD claims even when LAD was not expressly identified. 173 N.J. at 96. Accordingly, the Court explained

> we [do] not require a party to "refer specifically to the LAD or list every imaginable statute by name to effectuate a knowing and voluntary waiver of rights." Instead, we instructed that "a waiver-of-rights provision should at least provide that the employee agrees to arbitrate all statutory claims arising out of the employment relationship or its termination."
>
> [Id. at 95 (quoting Garfinkel, 168 N.J. at 135).]

Following its decision in Martindale, our Supreme Court has also emphasized that arbitration provisions are to be construed consistent with their plain language and it is not always necessary to expressly waive a jury trial or statutory claims. See Arafa, 243 N.J. at 171-72; accord Delaney v. Dickey, __ N.J. __ (2020) (slip op. at 16). Moreover, the Court has repeatedly emphasized that the thrust of the NJAA, consistent with the Federal Arbitration Act, is to favor arbitration by placing "arbitration agreements on an equal footing with

other contacts[,]" and enforce the agreements according to their terms. Atalese, 219 N.J. at 439. [2]

Comparing the arbitration provisions in this case to those considered in Garfinkel and Martindale, we conclude that the language here effectuated a waiver of plaintiff's statutory right to a judicial forum to pursue the LAD claims. While the arbitration language does not expressly refer to waiving statutory rights, it uses broad and unambiguous language to include "all" "disputes, complaints and other problems . . . that arise . . . out of this Agreement . . . or . . . out of [plaintiff's] relationship with the Re/Max Network or any Re/Max affiliate []including, without limitation, [Re/Max HV][.]" Moreover, there is no ambiguity when plaintiff agreed "not to resort to the courts or the judicial system" and waived her rights to do so.

## C.

We reverse and vacate the trial court's holding that plaintiff was an independent contractor. Under the clear and unambiguous language of the arbitration provisions, that dispute relates both to the Agreement and plaintiff's

---

[2] LAD was amended effective March 18, 2019, to prohibit the waiver of any substantive or procedural rights or remedies related to a claim of discrimination. That amendment, however, does not apply to the Agreement because the Agreement was executed in 2016 and the amendment to LAD applies prospectively. N.J.S.A. 10:5-12.7.

relationship with Re/Max HV. Accordingly, that issue is a question for the arbitrator to decide. See Goffe, 238 N.J. at 211.

Furthermore, plaintiff disputes her status as an independent contractor and contends that there are disputed issues of material fact concerning that issue. Our Supreme Court has held that a Re/Max licensed real estate agent should be considered the employee of a brokerage company, rather than an independent contractor, at least for purposes of computing workers' compensation insurance premiums. Re/Max of N.J., Inc. v. Wausau Ins. Cos., 162 N.J. 282, 286 (2000). Accordingly, to the extent that the issue cannot be resolved through mediation, it will be for the arbitrator to determine whether the Court's holding in Re/Max of New Jersey applies to plaintiff.

D.

We reject plaintiff's argument that the trial court erred in considering the Agreement. While the motion was presented as a motion to dismiss under Rule 4:6-2, we have already explained that the motion should have been considered as a motion to compel arbitration. Accordingly, it was appropriate and necessary to consider the Agreement and its arbitration provisions in determining that motion. Moreover, to the extent that the motion was evaluated as a motion to dismiss under Rule 4:6-2, documents integral to the complaint, such as the

13

Agreement, may be considered without converting the motion into one for summary judgment. See E. Dickerson & Son, Inc. v. Ernst & Young, LLP, 361 N.J. Super. 362, 365 n.1 (App. Div. 2003) (adopting the holding of In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)).

E.

In summary, we affirm the order to the extent that it compelled mediation and arbitration of all the claims in plaintiff's complaint. We vacate the ruling that plaintiff was an independent contractor. Furthermore, we remand for the entry of a new order and direct that the order compel mediation and arbitration and stay the civil action pending those proceedings. See N.J.S.A. 2A:23B-7(g) (stating that "[i]f the court orders arbitration, the court on just terms shall stay any judicial proceeding that involves a claim subject to the arbitration."); see also 9 U.S.C. § 3 (stating that a court action should be stayed if that action involves "any issue referable to arbitration").

Affirmed in part, vacated in part, and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3094-19T4